IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

MAY 1 4 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **RAFAEL A. ROCKETT** | |
| **Plaintiff,** | Case No. _____ |
| v. | |
| **NESTLE USA, INC.**<br>**TIM PENA** | **JURY TRIAL DEMAND** |
| **Defendants** | **1:18-cv-03412**<br>**Judge Sara L. Ellis**<br>**Magistrate Judge Maria Valdez** |

**COMPLAINT**

Comes Now, Plaintiff, Rafael A. Rockett, *pro se* and files his Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.      This is a race and employment discrimination case brought pursuant to 42 U.S.C. §1981 (Title VII of the Civil Rights Acts of 1964); and 42 U.S. Code § 2000e-2.  Defendant Nestle USA Inc. have engaged in unlawful employment and race-based pattern, policy and practices against Plaintiff, a protective class fork lift operator and similarly situated African American fork lift operators, with respect to performance evaluations, pay increase, promotions and other terms and conditions of employment.  Nestle USA Inc. implemented new race-based policies and practices that targeted Plaintiff and similarly situated African American fork lift operators.  Plaintiff suffered an adverse employment action by Defendant Tim Pena who terminated Plaintiff's employment after Plaintiff and other African Americans photocopied their work for accuracy and complained about being discriminated against by Defendant Tim Pena.

**JURISDICTION**

1

2. The jurisdiction of this Court is involved pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981

## VENUE

3. Venue is proper in this judicial district under 42 U.S.C. §1981as Plaintiff is a permanent resident of County of Cook, Northern District of Illinois. All actions by Plaintiff alleged herein occurred within DuPage County.

## THE PARTIES

4. Plaintiff, RAFAEL ROCKETT, is a African American male and at all times relevant to this action was, a permanent resident of Cook Country, Illinois and a protected class under Title VII of the Civil Rights Act of 1964.

5. Defendant Nestle USA Inc. ("Nestle" or "Respondent"), at all times relevant hereto was a for-profit Illinois Corporation engaging in commerce as defined by 42 U.S.C. §1981 in the Village of Glendale Heights, Illinois, County of DuPage ("hereinafter referred to as Nestle")

6. At all times relevant hereto, Defendant Tim Pena, was employed by Defendant Nestle in the Village of Glendale Heights, Illinois, County of DuPage, as a warehouse manager. Defendant Pena is being sued here in his official capacity.

## FACTUAL BACKGROUND

7. Defendant Nestle performs operational decision for Defendant Tim Pena.

8. Defendant Nestle performs, provides and participates in human resource, employee training, and management decision making for its employees.

9. Defendant Nestle provides benefits, policies and procedures for it employees.

10. Defendant Nestle has financial control and interests over all it employees.

2

11.     Defendants Nestle and Tim Pena violated company policies by treating Plaintiff, a fork lift operator and similarly situated African American fork lift operators different than Caucasian fork lift operators.

12.     Defendants Nestle and Tim Pena violated company policies by setting up and singling out Plaintiff, a fork lift operator and similarly situated African American fork lift operators for adverse actions but not Caucasian fork lift operators.

13.     Defendants Nestle and Tim Pena have a history of being bias and prejudice toward persons in a protective class status.

14.     Defendants Nestle and Tim Pena violated its company policies by discriminating against Plaintiff, a fork lift operator and similarly situated African American fork lift operators in an unusual, egregious, unjust and severe way but not Caucasian fork lift operators.

15.     Defendants Nestle and Tim Pena violated its company policies by falsifying systematic work order numbers of Plaintiff, a fork lift operator and similarly situated African American fork lift operators for adverse actions but not against Caucasian fork lift operators.

## STATEMENT OF FACTS

16.     On or about June 27, 2016, Plaintiff **was hired** as a Picker in Warehouse 1, at Nestle, 601 Wall St., Glendale Heights, IL 60139.

17.     On or about January 2017, Plaintiff **was promoted** to Fork Lift Operator in Warehouse 2 at Nestle, 601 Wall St., Glendale Heights, IL 60139.

18.     Plaintiff was promoted to Forklift Operator after his **excellent job performance**.

19.     Plaintiff was **well qualified** for his position as Fork Lift Operator at Nestle.

20.     That after many African Americans were terminated, there were a total of 7 Forklift Operators in Warehouse 2: 4 African Americans (Plaintiff, Duane James, Sean Ware, Narobi Stephenson), 3 Whites, and 1 Latino.

21. On or about March 8, 2017, May 14-16, 2017 and June 14, 2017 Plaintiff **received various rewards and recognitions for his excellent job performance** (10+ and higher).

22. On or about June 14, 2017, Plaintiff **received a raise** for his excellent job performance as a skilled Fork Lift Operator at Nestle.

23. Plaintiff performed above satisfactory duties at Nestle throughout his career at Nestle. **[Exhibit A – Nestle Statement of Plaintiff's Excellence]**

24. On or about July 5, 2017, Plaintiff and the night shift fork lift operators were called into a meeting held by Defendant Tim Pena to implement a disparate system of new policies and practices whereby all fork lift operators were forewarned of a reprimand if any fork lift operator fell to the bottom percentile of their cases per hour. Defendants' new disparate system had a disproportionate adverse effect on African American fork lift operators but not Caucasian fork lift operators.

25. Following Defendants' July 5, 2017 departmental meeting, Plaintiff completed 353 orders, staying within the 97.73% accuracy, as one of the top ten percentile of fork lift operators, **leaving two Caucasians in the bottom two percentile in the warehouse. [Exhibit B – Fork Lift Operators' Orders and Accuracy]**

26. Following Defendants' July 5, 2017 departmental meeting, Tim Pena and other management staff began making racist and derogatory comments about the work performance of Plaintiff and other African Americans, threatening to terminate them if they declined in orders or accuracy while executing their jobs.

27. On or around July 18, 2017, Plaintiff, a protective class status illegally received his first write up from Tim Pena stating that Plaintiff was at the bottom two in the Warehouse,

4

but Caucasians who were in the bottom two percentile never received a reprimand nor was terminated. [**See Exhibit B**]

28. Plaintiff and other African American fork lift operators began "photocopying" their work for accuracy after Plaintiff discovered through his first reprimand/write up that Defendant Tim Pena falsified Plaintiff's and other African Americans order numbers, thereby forcing Plaintiff and other African Americans to the bottom three percentile in Warehouse 2. [**Exhibit C – Plaintiff and Duane James ("African American") in the bottom three Percentile**]

29. Defendant Tim Pena was informed by Caucasian employees that Plaintiff and Sean Ware ("African Americans") of protective class status was photocopying their work. Defendant Tim Pena demanded that Plaintiff and Ware cease photocopying their work.

30. Defendant Tim Pena informed Plaintiff that he was already at the bottom two percentile in the warehouse so it was useless for Plaintiff to photocopy his work. [**Exhibit D – Warehouse 2 Percentile of Employees**]

31. Plaintiff have witnesses who are of protective class status that will testify at trial that Defendants have illegally engaged in illegal and bias actions against African Americans.

32. On or around August 1, 2017, Plaintiff received a final write up from Defendant Tim Pena and on August 16, 2017, Defendant Tim Pena terminated Plaintiff's employment, giving Plaintiff no legal reason other than 1 sheet of paper showing Plaintiff's order numbers and errors. [**Exhibit E – Plaintiff's Order and Errors at Termination.**]

33. At the time of Plaintiff's termination as fork lift operator, Caucasians fork lift operators' William Blackwell, Clyde Nash, Jose Lobatos and David Flores were all at the bottom two percentile in Warehouse 2 but they were reprimanded nor terminated. [**Exhibit F – Caucasian Employees at the bottom 2 in Warehouse**]

5

34.     Plaintiff believes that his promotion and various recognitions noted **under Exhibit A**, is the contributing factor for Plaintiff write-ups and termination and that he was illegally targeted by Defendant Tim Pena's new disparate system, along with Duane James, Narobi Stephenson and Sean Ware, other protective class.

35.     Plaintiff tried contacting Renee Wagner of Human Resources after his termination to register a *grievance* but to no avail, Plaintiff received the *run arounds*. Plaintiff was even given the wrong number for Renee Wagner by Tim Pena. **[Exhibit G – Number Written by Tim Pena]**

36.     Plaintiff requested a copy of his personnel files to no avail via Email and in person to Renee Wagner and received the "run arounds" as his request went unanswered. **[Exhibit H – Plaintiff Email Request to Renee Wagner, Human Resources and Her Response]**

37.     Plaintiff and other protective class fork lift operators who were African Americans were discriminated against because of their race and treated differently than Caucasian fork lift operators by Defendant Pena as noted above under **Exhibit B.**

38.     Defendants engaged in a pattern of illegal and biased actions against Plaintiff a protective class and other similarly protective class fork lift operators.

39.     Defendant Nestle failed to follow its own policies concerning investigations into the alleged discrimination and adverse actions taken by Defendant Tim Pena to terminate Plaintiff's position methodically, illegally and unjustifiably.

40.     Plaintiff has satisfied all statutory prerequisites for filing this action with the EEOC for his Charge of Discrimination. **[Exhibit I - A true and accurate copy of EEOC charge of Discrimination #440-2017-05842]**

6

41.     On or about February 13, 2018, EEOC mailed Plaintiff "Dismissal and Notice of Rights" letter from the EEOC for his Charge of Discrimination.  **[Exhibit J - A true and accurate copy of the EEOC "Dismissal and Notice of Rights" letter for #440-2017-05842]**

42.     Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his "Notice of Right to Sue" letter from the EEOC.

## COUNT ONE: TITLE VII – RACE

43.     Plaintiff incorporates herein paragraphs 1 through 44 of his Complaint.

44.     Defendants have engaged in race discrimination in the terms and conditions of Plaintiff's employment including but not limited to the Plaintiff's termination.

45.     Defendants' discriminatory adverse actions against Plaintiff violated Title VII.

46.     Defendants' discriminatory adverse actions in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits and prestige.

47.     Defendants' discriminatory adverse actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

48.     Defendants have engaged in discriminatory and adverse practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to   42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

A.      That the Court order Defendants to reinstate Plaintiff's employment;

B.      That the Court grant full front pay to the Plaintiff;

7

C.    That the Court grant full back pay to the Plaintiff;

D.    That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

E.    That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

F.    That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;

G.    That the Court grant Plaintiff expenses of ligation, including reasonable attorneys' fees, expert fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;

H.    That the Court grant Plaintiff a jury trial;

I.    That the Court grant Plaintiff all other relief the Court deems just and proper; and,

J.    That the Court grant temporary, preliminary and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.


Respectfully submitted this _14_th day of May 2018.




By: _____
RAFAEL A. ROCKETT/*PROSE*


Dated: May _14_, 2018


Rafael A. Rockett
1427 Evers Avenue
Westchester, IL 60154

8

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RAFAEL A. ROCKETT

   **Plaintiff,**       Case No. _____
   **v.**

**NESTLE USA INC.**        **JURY TRIAL DEMAND**
**TIM PENA**

   **Defendants**

### CERTIFICATE OF SERVICE

I, Rafael A. Rockett, prose, certify that on May __14__, 2018, I have caused a true and correct copy of Plaintiff's Complaint to be delivered to Defendants' place of business via sheriff:

**Nestle**
**501 Wall Street**
**Glendale Heights, IL 60139**

Dated this __14__ th<sup>th</sup> day of May 2018.

By: _____
    RAFAEL A. ROCKETT/ *PROSE*

Rafael A. Rockett
1427 Evers Avenue
Westchester, IL 60154



## Rafael Rockett
85 Points

🔲 Statement ▾

# Statement

## Summary

| | |
|---|---|
| Beginning Balance | 10 |
| Earned this Period | 75 |
| Redeemed this Period | 0 |
| Adjustments this Period | 0 |
| Pending Order | 0 |
| Ending Balance | 85 |

## Summary Period

Show Activity From:

01/01/2017

To:

10/13/2017

View

## Transaction Details: Points



| Date | Description | Amount |
|---|---|---|
| 06/14/2017 | Real Excellence. | 10 |
| 06/14/2017 | Real Excellence. | 10 |
| 06/14/2017 | Real Excellence. | 10 |
| 05/16/2017 | Real Excellence. | 10 |
| 05/16/2017 | Real Excellence. | 10 |
| 05/14/2017 | Real Excellence. | 10 |
| 03/08/2017 | Real Excellence. | 15 |

5/8/2018

IMG_2579.JPG

*Exhibit B*

| Name | #'s of Orders | | Accuracy |
|---|---|---|---|
| MICHELLE GOMEZ | 409 | 5 | 98.78% |
| RAUL MENDOZA | 651 | 8 | 98.77% |
| JASON THOMAS | 713 | 9 | 98.74% |
| JAKE NEIL GUZMAN | 151 | 2 | 98.68% |
| JIMMY STRAMAGLIA | 662 | 9 | 98.64% |
| RANDY ALVARADO | 412 | 6 | 98.54% |
| SAM COLLINS | 733 | 11 | 98.50% |
| ARTURO CHAVEZ | 498 | 9 | 98.19% |
| LESLIE GOMEZ | 491 | 9 | 98.17% |
| DAVID FLORES | 48 | 1 | 97.92% |
| TROYDELL GARRETT | 189 | 4 | 97.88% |
| JOHN WILLIAMS | 47 | 1 | 97.87% |
| LENARD BALLARD | 181 | 4 | 97.79% |
| RAFAEL ROCKETT | 353 | 8 | 97.73% |
| SEAN WARE | 173 | 4 | 97.69% |
| MARCELA HERNANDEZ | 370 | 9 | 97.57% |
| JOSE LOBATOS | 120 | 3 | 97.50% |
| ANTONIO STEVENS | 265 | 7 | 97.36% |
| DUANE JAMES | 169 | 5 | 97.04% |
| WILLIAM BLACKWELL | 61 | 2 | 96.72% |
| CLYDE NASH | 208 | 7 | 96.63% |

Whites [

#'s of Orders

Accuracy

Accuracy Orders

IMG_2580.JPG

*Exhibit C*

| | | | | |
|---|---|---|---|---|
| dell Garrett | 11802 | 192.23 | | 189 |
| dy Alvarado | 22997 | 190.45 | | 412 |
| Mendoza | 27750 | 190.44 | | 651 |
| n Ware | 7523 | 188.63 | | 173 |
| e Neil Guzman | 6529 | 187.81 | | 151 |
| dy Alvarado | 4396 | 187.75 | | 84 |
| l Guzman | 19859 | 184.96 | | 422 |
| uro Chavez | 26800 | 183.99 | | 498 |
| chael Hubert | 11628 | 181.02 | | 236 |
| nard Ballard | 8983 | 177.31 | | 181 |
| slie Gomez | 20932 | 177.18 | | 491 |
| am Collins | 30920 | 177.12 | | 733 |
| ntonio Stevens | 13401 | 176.53 | | 265 |
| Marcela Hernandez | 21674 | 174.41 | | 370 |
| ose Lobatos | 5442 | 173.29 | | 120 |
| Duane James | 7886 | 167.08 | | 169 |
| Rafael Rockett | 15624 | 165.49 | | 353 |
| David Flores | 2203 | 153.54 | | 48 |

*# Orders*

*Cases Per Hour*

1 of 1

8/25/2017 1:22 PM

3/2018  IMG_2569.JPG  *Exhibit D*

| Name | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 71 | 3 | | 100.00% | 72.73% | 100.00% | | | | 100.00% | | 95.77% |
| NASH, CLYDE | 71 | 3 | | 87.50% | | 100.00% | 93.33% | 100.00% | | | | 95.77% |
| FLORES, DAVID | 21 | 1 | | | 94.44% | | | | | 100.00% | | 95.24% |
| | 999 | 16 | 99.12% | 98.26% | 94.89% | 89.46% | 96.43% | 100.00% | 95.44% | | 98.40% |
| GUZMAN, JAKE NEIL | 31 | 0 | | 100.00% | | 100.00% | 100.00% | | | 100.00% |
| JAMES, DUANE | 56 | 0 | 100.00% | 100.00% | | 100.00% | 100.00% | 100.00% | | 100.00% |
| RICHARDSON, GEONTE | 2 | 0 | | | 100.00% | | | | | 100.00% |
| WARE, SEAN | 21 | 0 | | 100.00% | 100.00% | | | | | 100.00% |
| THOMAS, JASON | 142 | 2 | 100.00% | 96.77% | 100.00% | 100.00% | 94.74% | | 100.00% | 98.59% |
| GOMEZ, LESLIE | 87 | 2 | 100.00% | 95.65% | 94.74% | 100.00% | | | | 97.70% |
| MENDOZA, RAUL | 110 | 3 | 93.33% | 100.00% | 100.00% | 100.00% | | | 100.00% | 97.27% |
| ROCKETT, RAFAEL | 101 | 3 | 100.00% | 96.15% | 94.44% | 95.00% | 100.00% | 100.00% | | 97.03% |
| STEPHENSON, NAIROBI | 27 | 1 | 100.00% | 95.45% | | | | | | 96.30% |
| MOZDZIESC, STEVEN | 71 | 3 | | 100.00% | 100.00% | 95.71% | 100.00% | | 83.37% | 95.77% |
| | 648 | 14 | 97.84% | 97.60% | 98.11% | 96.91% | 98.00% | 100.00% | 95.45% | 97.84% |
| 3 | 2452 | 40 | 98.93% | 97.82% | 97.20% | 98.70% | 97.89% | 98.26% | 93.04% | 98.37% |
| Site Total | | | | | | | | | | | |

Exhibit E

| Row Labels | Values Total Orders | Orders w/ Errors | Average |
|---|---|---|---|
| 13-Aug ROCKETT, RAFAEL | 73 | 3 | |
| 6-Aug ROCKETT, RAFAEL | 30 | 0 | |
| 30-Jul ROCKETT, RAFAEL | 101 | 3 | |
| 23-Jul ROCKETT, RAFAEL | 42 | 1 | |
| 16-Jul ROCKETT, RAFAEL | 50 | 0 | |
| 9-Jul ROCKETT, RAFAEL | 47 | 3 | |

Exhibit F

| | | | |
|---|---|---|---|
| SEAN WARE | 643 | 10 | 98.44% |
| LENARD BALLARD | 124 | 2 | 98.39% |
| ARTURO CHAVEZ | 176 | 3 | 98.30% |
| DAVID FLORES | 509 | 9 | 98.23% |
| JOHN WILLIAMS | 54 | 1 | 98.15% |
| MARCELA HERNANDEZ | 49 | 1 | 97.96% |
| STEVEN MOZDZIESC | 412 | 9 | 97.82% |
| ANTONIO STEVENS | 271 | 6 | 97.79% |
| RAFAEL ROCKETT | 234 | 7 | 97.01% |
| CLYDE NASH | 386 | 12 | 96.89% |
| WILLIAM BLACKWELL | 217 | 9 | 95.85% |
| | 43 | 2 | 95.35% |

whites [

Exhibit G

Benee Wasner

815-752-0605

Hired Rafael (CHR)

5/8/2018            Gmail - Employee Files        *Exhibit 17*

 **Gmail**            **Rafael Rockett <rrockett68@gmail.com>**

## Employee Files

3 messages

---

**Rafael Rockett** <rrockett68@gmail.com>       Tue, Aug 22, 2017 at 1:28 PM
To: renee.wagner@us.nestle.com

Hi Renee I was contacting you to ask if I could somehow get a copy of my files. (Write ups, attendance, 6 week trend etc.) Also if possible can I get some sort of letter of recognition for when I was Employee of the month, most accurate for 3rd shift. (May/June)

---

**Wagner,Renee,GLENDALE HEIGHTS,NUSA HR Glendale SC Central Region**       Thu, Aug 24, 2017 at 10:10 AM
<renee.wagner@us.nestle.com>
To: Rafael Rockett <rrockett68@gmail.com>

Hi there.  Sorry for the delay in getting back to you.  If you would like to send me a signed letter with your request I can pull the information for you.  It would be those items in which you have signed that I could send to you.  Please send it to Nestle USA, Attn: Human Resources, 601 Wall Street, Glendale Heights, IL 60139.

Renee
[Quoted text hidden]

---

**Rafael Rockett** <rrockett68@gmail.com>       Thu, Aug 24, 2017 at 1:09 PM
To: "Wagner,Renee,GLENDALE HEIGHTS,NUSA HR Glendale SC Central Region" <renee.wagner@us.nestle.com>
Bcc: ccrider195816@gmail.com

Thanks for your response.  However, does this mean that I can only get a copy of the first write-up?  So you're saying that I 'm not entitled to a copy of my recognition letter for being the employee with most accurate counts for the months of May and June? Am I not entitled to a copy of the write-ups I disagreed with? Please let me know what I can get a copy of, I need this because Nestle is denying my unemployment. Also I was told that I can see what recognition I've gotten through NestleRealRecognition, but I'm unable to log in.

Please advise me
Thanks Rafael Rockett
[Quoted text hidden]

Case: 1:18-cv-03412 Document #: 1 Filed: 05/14/18 Page 18 of 22 PageID #:18

in:sent

## Gmail

| | | | Move to Inbox | | More |

COMPOSE

**Inbox (10,541)**
Starred
Important
**Sent Mail**
Drafts (7)

**Categories**

Notes
More

R  Rafael  +

---

## pwl RE: [ Nestle ] Forgot Login ID     Inbox   x

**Nestlerealrecognition, Mailbox** <nestlerealrecognition@biworldwide.com>
to me

Hello Rafael,

Thank you for your participation in the Nestle Recognition program.  I am happy to assist

To assist you further with your request, please provide your Employee ID number for veril

Thank you,

Latha
Nestle Real Recognition
Program Administrator


-----Original Message-----
From: rrockett68@gmail.com [mailto:rrockett68@gmail.com]
Sent: Monday, August 28, 2017 10:41 PM
To: Nestlerealrecognition, Mailbox
Subject: [ Nestle ] Forgot Login ID

The following message is submitted by 'rafael rockett (rrockett68@gmail.com)':
First time signing on,dont know my SAP ID From United States.

------------------------------------------------------------------
This e-mail message is being sent solely for use by the intended recipient(s) and may cor
unauthorized review, use, disclosure or distribution is prohibited. If you are not the intend
phone or reply by e-mail, delete the original message and destroy all copies. Thank you.

---

**Rafael Rockett** <rrockett68@gmail.com>
to Mailbox

10750872

No Hangouts contacts
Find someone

Case: 1:18-cv-03412 Document #: 1 Filed: 05/14/18 Page 19 of 22 PageID #:19

from:nestlerealrecognition@biworldwide.com OR to:nestlerealrecognition

## Gmail

| | | | Move to Inbox | | More |

COMPOSE

**Inbox (10,541)**
Starred
Important
Sent Mail
**Drafts (7)**

**Categories**

Notes
More

R  Rafael  +

No Hangouts contacts
Find someone

## RE: [ Nestle ] points    Inbox   x

**Nestlerealrecognition, Mailbox**   Hello Rafael, Thank you for your email. It appears that

**Rafael Rockett** <rrockett68@gmail.com>
to Mailbox

Thank you for response.  Are you able to retrieve that info for me and forward it to me? A
Thanks in advance.
Rafael Rockett

Sent from my iPhone

**Nestlerealrecognition, Mailbox** <nestlerealrecognition@biworldwide.com>
to me

Hello Rafael,

Thank you for your response.

Below is a snip of the transactions that have taken place in your account this year.

*Exhibit I*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 440-2017-05842 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Rafael A. Rockett | (708) 466-3009 | 1996 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2329 S. 20th Avenue, Broadview, IL 60155 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NESTLE | 500 or More | (630) 924-7755 |

| Street Address | City, State and ZIP Code |
|---|---|
| 601 Wall St., Glendale Heights, IL 60139 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | 08-16-2017 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or about June 27, 2016. My most recent position was Forklift Operator. During my employment, I was subjected to unequal terms and conditions of employment, including, but not limited to, discipline. I was discharged on August 16, 2017, whereas my non-Black co-workers were not disciplined and/or discharged for the same and/or similar infractions.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

AUG 31 2017

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Aug 31, 2017 *Date* — *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Illinois Department Of Human Rights**
**100 West Randolph Street**
**Floor 10-100**
**Chicago, IL 60601**

Date **August 31, 2017**
EEOC Charge No.
**440-2017-05842**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Rafael A. Rockett** | v. | **NESTLE** |
|---|---|---|
| Charging Party | | Respondent |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC  ☐ _____ on **August 31, 2017**

Name of FEPA  Date of Receipt

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

ILL DEPT OF HUMAN RIGHTS

AUG 3 1 2017

☐ EEOC requests a waiver  ☐ FEPA waives

☐ No waiver requested  ☐ FEPA will investigate the charge initially

RECEIVED

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Julianne Bowman, District Director** | |

| **Rafael A. Rockett** | v. | **NESTLE** |
|---|---|---|
| Charging Party | | Respondent |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Janice Glenn, Director** | |

TO: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

Date **August 31, 2017**
EEOC Charge No.
**440-2017-05842**
FEPA Charge No.

*Exhibit J*

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Rafael A. Rockett
1427 Evers Street
Westchester, IL 60154

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-05842 | Ana Alza, Investigator | (312) 869-8038 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

2/13/18
(Date Mailed)

Enclosures(s)

cc: **NESTLE**
c/o Naomh M. Hudson, Esq.
LeclairRyan
5425 Discovery Park Boulevard Suite 200
Williamsburg, VA 23188

RECEIVED